THE LADY RASENDYLL.

(District Court, N. D. New York.   June 14, 1919.)

MARITIME LIENS ☜25—STATUTORY LIEN—REPAIRS AND SUPPLIES AT HOME PORT.

Act June 23, 1910, § 1 (Comp. St. § 7783), giving one furnishing repairs or supplies to a vessel, whether domestic or foreign, a maritime lien on the vessel, enforceable in rem, applies, though the repairs and supplies are furnished at the home port.

In Admiralty.   Suit by Henry B. Nevins against the yacht Lady Rasendyll.   Heard on motion to dismiss libel, on the ground that the supplies and repairs were furnished the vessel in her home port, and hence are not a maritime lien, and cannot be enforced in admiralty. Motion denied.

Foley & Martin, of New York City, for libelant.
John O'Leary, of Clayton, N. Y., for respondent.

RAY, District Judge.   Act June 23, 1910, c. 373, 36 Stat. 604, § 1 (Comp. St. § 7783), provides that:

"Any person furnishing repairs, supplies or other necessaries * * * to a vessel, whether foreign or domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

Section 5 of the act (section 7787) provides :·

"This act shall supersede the provisions of all state statutes conferring liens on vessels in so far as the same purport to create rights of action to be enforced by proceedings in rem against vessels for repairs, supplies, and other necessaries."

In The Yankee, 233 Fed. 919, 924, 925, 147 C. C. A. 593, it was held that by the provisions of the above act "the distinction between foreign and domestic ports is abolished."   In The Oceana, 244 Fed. 80, 82, 156 C. C. A. 508, 510 (certiorari denied Morse Dry Docks & Repair Co. v. Conron Bros. Co. et al., 245 U. S. 656, 38 Sup. Ct. 13, 62 L. Ed. 533), the Circuit Court of Appeals, Second Circuit, said:

"Obviously the act was passed in restriction of the rights of vessel owners and in the aid of those who furnish repairs, supplies, and other necessaries. It wiped out all difference between foreign and domestic vessels, and between repairs, supplies, and other necessaries furnished in the home port, as distinguished from those furnished in foreign ports, and between such as were ordered by the master and such as were ordered by the owners," etc.

It is plain and beyond all controversy that since the enactment of the statute of June 23, 1910, and in view of its plain provision, it is no longer a defense that the repairs and supplies were furnished at the home port.

The motion to dismiss the libel is denied.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes